No. 06-531C
(Judge Hodges)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADVANCED LOGIC RESOURCES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE ASBCA

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor,
1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

OF COUNSEL:

JOANN W. MELESKY
Deputy Legal Counsel
Defense Information
Systems Agency

September 25, 2006

## TABLE OF CONTENTS

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 7

I. ALR Made A Binding Election To Proceed At The ASBCA ........ 7

II. Transfer Is Proper Order The Contract Disputes Act ........ 12

## TABLE OF AUTHORITIES

### CASES

American Telecom Corp. v. United States,
59 Fed. Cl. 467 (2004) ........ 10

Blount, Inc. v. United States,
15 Cl. Ct. 146 (1988) ........ 18

Bonneville Associates v. Barram,
165 F.3d 1360 (Fed. Cir. 1999) ........ 8

Bonneville Associates v. United States,
43 F.3d 649 (Fed. Cir. 1994) ........ 8, 10, 16

CACI Int'l, Inc., ASBCA No. 53058,
03-2 BCA ¶ 32406 (Oct. 10, 2003) ........ 7, 9, 17, 18

CACI Int'l, Inc., ASBCA Nos. 53058, 54110,
05-1 BCA ¶ 32,948, aff'd,
177 Fed. Appx. 83 (Fed. Cir. April 7, 2006)(table) ........ 7, 17

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993), cert. denied,
512 U.S. 1235 (1994) ........ 1

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) ........ 1

Dravo-Groves v. United States,
231 Ct. Cl. 830 (1982) ........ 18

Enrique (Hank) Hernandez, ASBCA No. 53011,
01-1 BCA ¶ 31,220 ........ 9

GAP Instrument Corp., ASBCA No. 51658,
01-1 BCA ¶ 31,358 (Mar. 22, 2001) ........ 6, 9, 17

GAP Instrument Corp., ASBCA No. 55041,
2006 WL 2349235 (July 28, 2006) ........ 7, 10, 17

G.E. Boggs & Associates, Inc., ASBCA Nos. 34841, et al.,
91-1 BCA ¶ 23,514 ........ 9

Glendale Joint Venture v. United States,
13 Cl. Ct. 325 (1987) ........ 12

Guiliani Contracting Co. v. United States,
21 Cl. Ct. 81 (1990) ........ 13, 14, 16, 17, 19

Guy Roberts Lumber Co. v. United States,
5 Cl. Ct. 42 (1984) ........ 18

Idium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985), cert. denied,
479 U.S. 820 (1986) ........ 1

Information Systems & Networks Corp. v. United States,
17 Cl. Ct. 527 (1989) ........ 9

Joseph Morton Co. v. United States,
757 F.2d 1273 (Fed. Cir. 1985) ........ 13

Maniere v. United States,
31 Fed. Cl. 410 (1994) ........ 1

Marshall Associated Contractors v. United States,
31 Fed. Cl. 809 (1994) ........ 12, 14

Mobility Systems and Equipment Co. v. United States,
51 Fed. Cl. 233 (2001) ........ 10

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999) ........ 1

Multi-roof Systems Co., Inc. v. United States,
5 Cl. Ct. 245 (1984) ........ 18

National Neighbors, Inc. v. United States,
839 F.2d 1539 (Fed. Cir. 1988) ........ 8, 9, 10, 16

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) ........ 1

Santa Fe Engineers, Inc. v. United States,
230 Ct. Cl. 512,
677 F.2d 876 (1982) .......... 8, 10, 11, 12, 16

Santa Fe, Inc. v. United States,
13 Cl. Ct. 464 (1987) .......... 8, 10, 11

Simplix, ASBCA No. 52570,
06-1 BCA ¶ 33240 (Mar. 14, 2006) .......... 7, 10, 17, 18

Space Age Engineering, Inc. v. United States,
2 Cl. Ct. 164 (1983) .......... 18

Texas Health Choice, L.C. v. Office of Personnel Management,
400 F.3d 895 (Fed. Cir. 2005) .......... 7

Triax Co. v. United States,
11 Cl. Ct. 130 (1986) .......... 18

Tuttle/White Constructors, Inc. v. United States,
228 Ct. Cl. 354,
656 F.2d 644 (1981) .......... 8

Zoeller v. United States,
65 Fed. Cl. 449 (2005) .......... 10

## STATUTES

41 U.S.C. § 602(a) .................... 9

41 U.S.C. § 606 .................... 7

41 U.S.C. § 609(a) .................... 1

41 U.S.C. § 609(a)(1) .................... 7

41 U.S.C. § 609(d) .................... 12, 13

Table Of Contents Of Appendix

Page

1. May 22, 2006 contracting officer's decision.................1
2. Feb. 3, 2006 ALR claim....................................11
3. Dec. 13, 1999 ALR complaint in ASBCA No. 52467............77
4. Jan. 18, 2000 Answer in ASBCA No. 52467....................87
5. June 23, 2000 ALR complaint in ASBCA No. 52790............93
6. July 26, 2000 Answer in ASBCA No. 52790....................98
7. July 21, 1999 ALR claim..................................104
8. Dec. 15, 1999 ALR claim..................................106

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADVANCED LOGIC RESOURCES, INC.,)
)
Plaintiff, )
)
v. ) No. 06-531C
) (Judge Hodges)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER TO THE ASBCA

Pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC") and 41 U.S.C. § 609(a), defendant, the United States, respectfully requests that the Court dismiss this case because the Court does not possess subject matter jurisdiction.[1/] Such a dismissal would be without prejudice.

In the alternative, defendant respectfully requests, pursuant to 41 U.S.C. § 609(d), that the Court transfer this case to the Armed Services Board of Contract Appeals ("ASBCA" or the

---

[1/] A motion directed toward the Court's jurisdiction is properly styled a motion to dismiss, rather that a motion for summary judgment. Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir. 1988); Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991) (motion for summary judgment based upon lack of jurisdiction treated as a motion to dismiss). In deciding a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993)("In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony."), cert. denied, 512 U.S. 1235 (1994); Idium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Maniere v. United States, 31 Fed. Cl. 410, 413-14 (1994).

board). The ASBCA has pending before it two cases, ASBCA Nos. 52467 and 52790, that involve plaintiff's claims arising from the same contract at issue in this case and essentially the same factual circumstances. Defendant's counsel and plaintiff's counsel have discussed this motion, and defendant is authorized to state that plaintiff does not oppose the transfer of this case to the ASBCA.

## STATEMENT OF FACTS

1. Plaintiff, Advanced Logic Resources, Inc. ("ALR"), signed a DoD Electronic Data Interchange ("EDI") Value Added Network ("VAN") License Agreement ("VLA") with the Defense Information Systems Agency ("DISA") on February 3, 1995. Am. Compl. ¶ 15; Second Am. Compl. ¶ 18.[2/] The VLA ended on September 17, 1997, when it was superceded by another license agreement. Am. Compl. ¶ 25; Second Am. Compl. ¶ 29.

2. This case is the third Contract Disputes Act ("CDA") claim that ALR has filed involving the Government's alleged breach of the same VLA. ASBCA Nos. 52467 and 52790 involve ALR's two certified CDA claims which were filed on July 21, 1999, requesting approximately $8,394,110,175 for lost revenue, and on December 15, 1999, requesting approximately $18,093,100,000 plus interest for allegedly failing to return software. App. 77-107.

---

[2/] "Am. Compl." refers to plaintiff's first amended complaint filed August 3, 2006. "Second Am. Compl." refers to plaintiff's second amended complaint filed September 21, 2006. "App." refers to the appendix to this brief.

3. Both of these certified claims were denied by the contracting officer. ALR appealed both claims to the ASBCA, and they were assigned ASBCA Nos. 52467 and 52790. ALR did not pursue either certified claim, and no hearing was ever held, or even scheduled.

4. In ASBCA Nos. 52467 and 52790, the parties did not agree to bifurcate entitlement and quantum, and the ASBCA did not bifurcate entitlement and quantum.

5. After a period of silence of almost seven years, ALR sent a certified "quantum claim" dated February 3, 2006, to the Government. App. 11-76. In this claim, ALR sought $138,000,000 in lost profits for the period of February 3, 1995 through September 17, 1997, based upon alleged breaches of the VLA. App. 65. ALR's February 3, 2006 "quantum claim" encompasses the same alleged damages period as the claims in ASBCA Nos. 52467 and 52790. App. 65, 105, 107.

6. On May 22, 2006, the contracting officer denied this claim. App. 1-10. On July 20, 2006, ALR filed its complaint with the Court of Federal Claims, which was amended on August 3, 2006, and again on September 21, 2006.

7. ALR's court case and the board cases present overlapping issues. ALR's board complaints and its court complaint both assert that the Government breached the VLA. App. 77-86, 93-97.

8. In ASBCA No. 52467, ALR claimed that the Government breached the VLA by (1) continuing "to electronically conduct business directly with its contractors through the use of non-licenses VAN providers, direct connections, bulletin boards, facsimile machines, modems, impact cares, credit cards, and similar technologies, rather than through licensed VAN providers," (2) not requiring its contractors who electronically conduct business with DoD to use only licensed and certified VAN providers, and allowing their use of non-licensed VAN providers, direct connections, bulletin boards, facsimile machines, modems, impact cards, credit cards, and similar technologies, and (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider. App. 77-85 (Compl. ¶ 20). ALR alleged damages in the amount of $8,394,110,175 for alleged breach of the VLA. App. 83 (Compl. ¶ 21).

9. In ASBCA No. 52790, ALR alleged that the Government breached the same VLA by taking ALR's Xpediter software in the amount of $93,000,000, the unauthorized use of ALR's network design specification in the amount of $8,000,000,000, the theft and unauthorized use of software code in the amount of $10,000,000,000, and in failing to return ALR code and documentation in the amount of $100,000. App. 93-96 (Compl. ¶ 13).

10. In its first amended complaint filed in this Court, ALR alleges the same three breaches that it previously asserted at the board. Specifically, ALR asserts that the Government breached the VLA by: (1) allowing DoD contractors to conduct business electronically other than through a licensed VAN (Count I), (2) not requiring contractors who electronically conduct business with DoD to do so through a licensed VAN (Count II), (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider before electronically conducting business (Count III). Am. Compl. ¶¶ 38, 40, 42. In addition, ALR asserts that the Government violated the VLA by (4) temporarily suspending the means to register DoD contractors desiring to electronically conduct business with DoD (Count 4), (5) abandoning the VLAs in March 1997 and implementing an alternative (Count 5), (6) failing to meet the 24-month implementation plan established for the VLAs (Count 6), and (7) failing to meet the implementation plan established for the VLAs requiring that testing and certification of VANs would be available by April 4, 1994 (Count 7). Am. Compl. ¶¶ 44, 46, 48, 50. In its request for relief, ALR requested the award of $138,000,000 in alleged lost profits among other things. Am. Compl. p. 35. ALR's court complaint alleges a reduced amount of lost profits while maintaining and elaborating upon its earlier assertions of breach of the VLA.

11. On September 21, 2006, ALR filed a second amended complaint. ALR's second amended complaint is nearly the same as its first amended complaint, except that ALR now requests the award of $132,543,000 in alleged lost profits. Second Am. Compl. p. 37. For example, ALR asserts the same alleged breaches of the VLA. Specifically, ALR asserts that the Government breached the VLA by: (1) allowing DoD contractors to conduct business electronically other than through a licensed VAN (Count I), (2) not requiring contractors who electronically conduct business with DoD to do so through a licensed VAN (Count II), (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider before electronically conducting business (Count III). Second Am. Compl. ¶¶ 45, 47, 49. ALR asserts that the Government violated the VLA by (4) temporarily suspending the means to register DoD contractors desiring to electronically conduct business with DoD (Count 4), (5) abandoning the VLAs in March 1997 and implementing an alternative (Count 5), (6) failing to meet the 24-month implementation plan established for the VLAs (Count 6), and (7) failing to meet the implementation plan established for the VLAs requiring that testing and certification of VANs would be available by April 4, 1994 (Count 7). Second Am. Compl. ¶¶ 51, 53, 55, 57.

12. All of ALR's three certified claims involve the same license agreement that was at issue in the board's decisions in: (1) GAP Instrument Corp., ASBCA No. 51658, 01-1 BCA ¶ 31,358 (Mar. 22, 2001), and GAP Instrument Corp., ASBCA No. 55041, 2006 WL 2349235 (July 28, 2006); (2) CACI Int'l, Inc., ASBCA No. 53058, 03-2 BCA ¶ 32406 (Oct. 10, 2003) and CACI Int'l, Inc., ASBCA Nos. 53058, 54110, 05-1 BCA ¶ 32,948, aff'd, 177 Fed. Appx. 83 (Fed. Cir. April 7, 2006) (table); and (3) Simplix, ASBCA No. 52570, 06-1 BCA ¶ 33240 (Mar. 14, 2006), reconsideration denied, 06-2 BCA ¶ 33318 (June 13, 2006), appeal pending, Fed. Cir. No. 06-1577. In GAP, the board issued a decision on entitlement and a decision granting in part the Government's motion for summary judgment re quantum. In CACI and Simplix, the board held hearings and decided both entitlement and quantum, and denied those appeals. In the CACI and Simplix cases, the board found among other things that the petitioner failed to prove its alleged lost profits.

## ARGUMENT

### I. ALR Made A Binding Election To Proceed At The ASBCA

The Contract Disputes Act ("CDA") provides alternative forums for challenging a contracting officer's final decision: a contractor may file an appeal with the appropriate board of contract appeals, 41 U.S.C. § 606, or appeal directly to the Court of Federal Claims, 41 U.S.C. § 609(a)(1). Courts have

consistently interpreted the CDA as providing the contractor with an either-or choice of forum. Texas Health Choice, L.C. v. Office of Personnel Management, 400 F.3d 895, 899 (Fed. Cir. 2005); Bonneville Associates v. Barram, 165 F.3d 1360, 1362 (Fed. Cir. 1999); Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994); National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988); Santa Fe Engineers, Inc. v. United States, 230 Ct. Cl. 512, 677 F.2d 876, 878 (1982); Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. 354, 656 F.2d 644, 649 (1981); Santa Fe, Inc. v. United States, 13 Cl. Ct. 464, 466 (1987).

Thus, once a contractor makes a binding election to appeal a contracting officer's final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum. Bonneville Associates, 43 F.3d at 653; National Neighbors, 839 F.2d at 1542; Santa Fe Engineers, 677 F.2d at 878. The contractor's choice of forum is an important strategic decision, given the fundamental differences between the two forums. Bonneville Associates, 43 F.3d at 653.

A contractor is deemed to have made a binding election when: (1) it has sought to avail itself of one forum over another; and (2) that forum has the ability to exercise jurisdiction at the

time the election is attempted. Bonneville Associates, 165 F.3d at 1362 (citing Bonneville Associates, 43 F.2d at 655).

However, the election doctrine does not apply where the board lacked subject matter jurisdiction over the appeal because, for example, of an untimely appeal. Bonneville Associates, 43 F.3d at 653; National Neighbors, 839 F.2d at 1542; Information Systems & Networks Corp. v. United States, 17 Cl. Ct. 527 (1989) (plaintiff is not precluded from pursuing timely suit in Court of Federal Claims if claim is dismissed by a board for lack of jurisdiction).

In this case, the board plainly possessed jurisdiction of ALR's claims in ASBCA Nos. 52467 and 52790. ALR has never asserted that the board lacked jurisdiction to decide its claims, nor did it contest the jurisdiction of the board.

Moreover, the board specifically addressed whether it has jurisdiction over the DoD EDI VAN license agreement (the same license agreement at issue in this case). The board held:

> With respect to whether the agreement is a CDA contract, we first note that the contract incorporates by reference the Disputes Clause. We would, therefore, have jurisdiction by virtue of that clause in any event. G.E. Boggs & Associates, Inc., ASBCA Nos. 34841, et al., 91-1 BCA ¶ 23,514 at 117,906. We also note that the CDA applies to contracts "entered into by an executive agency for ... (2) the procurement of services...." 41 U.S.C. § 602(a)..... Moreover, we have held that the CDA applies to a contract which involved the procurement of services without a cash payment by the

> Government. Enrique (Hank) Hernandez, ASBCA No. 53011, 01-1 BCA ¶ 31,220. Accordingly, we hold that the CDA applies to the license agreement.

GAP Instrument, ASBCA No. 55041, 01-1 BCA ¶ 31358 at 154865, 2001 WL 290386 (Mar. 22, 2001). Further in CACI Int'l, ASBCA No. 53058, 03-BCA ¶ 32406 (Oct. 10, 2003), the board reaffirmed that it had held that "the license agreement is a contract for purposes of the CDA." Again in Simplix, ASBCA No. 52570, 06-1 BCA ¶ 33240 (Mar. 14, 2006), the board stated that it had previously held that it had jurisdiction under the CDA in disputes under the VLA, citing GAP Instrument.

Thus, ALR plainly made a binding election to litigate its claim for breach of the VLA at the ASBCA, and its complaint in this Court should therefore be dismissed for lack of subject matter jurisdiction. Bonneville Associates, 43 F.3d at 653; National Neighbors, 839 F.2d at 1542; Santa Fe Engineers, 677 F.2d at 878; Zoeller v. United States, 65 Fed. Cl. 449, 456 (2005) (dismissing claims that plaintiff previously elected to litigate at the board); American Telecom Corp. v. United States, 59 Fed. Cl. 467, 471, 473 (2004)(dismissing contractor's claim for damages in connection with a default termination that contractor had appealed to the board); Mobility Systems and Equipment Co. v. United States, 51 Fed. Cl. 233, 235 (2001) (dismissing complaint where contractor made a binding election).

ALR's fashioning of a revised claim dated February 3, 2006, and obtaining a contracting officer's decision denying that claim does not alter the application of the election doctrine in this case. For example, in Santa Fe, Inc., 13 Cl. Ct. 464 (1987), the contractor filed an appeal at the board of a contracting officer's decision denying an equitable adjustment. The board decided entitlement and remanded to the contracting officer to determine quantum. The contractor submitted a revised certified claim to the contracting officer. The contracting officer partially denied the revised claim by failing to award the amount of interest requested. The contractor thereafter filed suit in the Court of Federal Claims challenging the contractor officer's denial of the amount of interest requested.

This Court agreed with the Government that the contractor had made a binding election under the CDA to proceed before the board and could not shift gears and appeal a part of its underlying equitable adjustment claim to the Court. Santa Fe, Inc., 13 Cl. Ct. at 466-67. The Court concluded that "it lacks the necessary jurisdiction to hear this matter." Id. at 469. However, the Court transferred the matter to the board rather than dismiss it, because the underlying claim for entitlement was appealed to the board in a timely manner and the issue of quantum was viewed as still pending before the board. Id.

As in Santa Fe, Inc., ALR has fashioned a revised claim that raises the same alleged breaches of the VLA that it previously raised before the ASBCA. At that time, the contractor made a binding election by filing its suit with the board. ALR cannot now abandon its election by repackaging its same claim of breach of the VLA as a revised claim with a reduced amount of damages and obtaining another contracting officer's decision. ALR having made a binding election, the only forum that could possess jurisdiction of ALR's revised claim is the ASBCA. Consequently, this Court should dismiss the complaint filed here for lack of subject matter jurisdiction, or, in the alternative, transfer the matter to the ASBCA, as was done in Santa Fe, Inc. Accord, Marshall Associated Contractors v. United States, 31 Fed. Cl. 809, 814-15 (1994)(transferring certain counts of complaint to board). As demonstrated below, such a transfer is appropriate.

II. Transfer Is Proper Under The Contract Disputes Act

The CDA, 41 U.S.C. § 609(d), provides:

> If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

Section 609(d) plainly authorizes the Court to transfer this case to the board. Santa Fe Engineers, Inc. v. United States, 230 Ct.

Cl. 1048, 1050 (the Court is empowered to consolidate cases in the Court or to transfer cases to the board, under the "broad transfer provision of the Contract Disputes Act"), cert. denied, 459 U.S. 1086 (1982); Glendale Joint Venture v. United States, 13 Cl. Ct. 325 (1987).

The Court "possesses broad discretion in exercising its power to consolidate." Joseph Morton Co. v. United States, 757 F.2d 1273, 1280 (Fed. Cir. 1985). The importance of consolidation was recognized in the legislative history:

> It is the intent of the committees that splitting of the causes of action, or suits, under one contract be kept to a minimum.... It is intended that the Court of Claims have the same ultimate authority to consolidate suits that are split between the court and the agency boards.... It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved.

Id. (quoting S. Rep. No. 1118, 95th Cong. 21, reprinted in 1978 U.S.C.C.A.N. 5235, 5265).

Section 609(d) identifies three standards for deciding whether to transfer or consolidate: (1) convenience of parties, (2) convenience of witnesses, and (3) the interests of justice. See Guiliani Contracting Co. v. United States, 21 Cl. Ct. 81, 83 (1990). In determining whether the interests of justice or the convenience of parties or witnesses favors transfer or consolidation, several factors are relevant: (1) whether the

disputes before the Court and the board involve the same contract; (2) whether the same or overlapping issues are involved in the matters before the Court and the board; (3) whether the plaintiff initially chose to appeal its claims before the Court or a board; (4) whether substantial efforts have been expended by one forum, but not by the other; (5) whether transfer will eliminate duplication of efforts by the tribunals and the parties; and (6) whether separate fora could reach inconsistent results. Marshall Associated Contractors, Inc., 31 Fed. Cl. at 816; Guiliani Contracting Co., 21 Cl. Ct. at 83. Application of these factors to ALR's court complaint establishes a compelling case for transfer of this case to the board.

First, as noted above, ALR's court complaint relates to the same contract, i.e., the VLA, that is the subject of its claims before the board.

Second, the court case and the board cases present overlapping, if not identical, issues. ALR's board complaints and its court complaint both assert that the Government breached the VLA. Specifically, in ASBCA No. 52467, ALR claimed that the Government breached the VLA by (1) continuing "to electronically conduct business directly with its contractors through the use of non-licenses VAN providers, direct connections, bulletin boards, facsimile machines, modems, impact cares, credit cards, and similar technologies, rather than through licensed VAN

providers," (2) not requiring its contractors who electronically conduct business with DoD to use only licensed and certified VAN providers, and allowing their use of non-licensed VAN providers, direct connections, bulletin boards, facsimile machines, modems, impact cards, credit cards, and similar technologies, and (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider. App. 77-85 (Compl. ¶ 20). ALR alleged damages in the amount of $8,394,110,175 for these alleged breaches. App. 83 (Compl. ¶ 21).

In its court complaint, ALR alleges the same three breaches that it alleged at the board. Specifically, ALR asserts that the Government breached the VLA by: (1) allowing DoD contractors to conduct business electronically other than through a licensed VAN (Count I), (2) not requiring contractors who electronically conduct business with DoD to do so through a licensed VAN (Count II), (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider before electronically conducting business (Count III). Am. Compl. ¶¶ 38, 40, 42; <u>also</u> <u>see</u> Second Am. Compl. ¶¶ 45, 47, 49. In addition, ALR asserts that the Government violated the VLA by (4) temporarily suspending the means to register DoD contractors desiring to electronically conduct business with DoD (Count 4), (5) abandoning the VLAs in March 1997 and implementing

an alternative (Count 5), (6) failing to meet the 24-month implementation plan established for the VLAs (Count 6), and (7) failing to meet the implementation plan established for the VLAs requiring that testing and certification of VANs would be available by April 1, 1994 (Count 7). Am. Compl. ¶¶ 44, 46, 48, 50; also see Second Am. Comp. ¶¶ 51, 53, 55, 57. In its request for relief, ALR requests the award of $132,543,000 in alleged lost profits among other things. Second Am. Compl. p. 35.

ALR's court complaint thus reduces its alleged lost profits while maintaining and elaborating upon its alleged breaches of the VLA. The additional breaches asserted do not amount to a new and separate cause of action but instead elaborate upon the previously asserted alleged breaches of failing to register DoD contractors, not requiring contractors who desire to electronically conduct business to do so through a licensed VAN, and allowing DoD contractors to conduct business electronically other than through a licensed VAN.

In sum, it is plain that the board cases and the Court case involve the same contract, and the same or similar alleged breaches of that contract. Moreover, ALR may not proceed in Court on a claim that it has filed at the board. Bonneville Associates, 43 F.3d at 653; National Neighbors, 839 F.2d at 1542; Santa Fe Engineers, 677 F.2d at 878.

Thus, it is clear that ALR's claims before this Court and the ASBCA involve overlapping, if not identical, issues on the same contract, and consideration of the second factor favors a transfer to the ASBCA. The evidence inevitably will overlap and both suits require presentation of the same or similar evidence on the same contract. "One forum, therefore, should hear and decide the issues." Giuliani Contracting Co., 21 Cl. Ct. at 83.

Third, ALR initially chose to proceed at the board, and filed two appeals there under the same contract as is at issue here. The board has already decided several claims brought by other contractors from the same VLA. ALR clearly chose the ASBCA as its principal forum. Also, this case would not be time-barred if it had been filed initially with the board, and nothing has happened in the Court case. As this Court held in transferring another matter to the ASBCA: "At this late stage in the entire cycle of litigation on this contract, a switch to the Claims Court has overtones of forum shopping." Giuliani Contracting Co., 21 Cl. Ct. at 83.

Fourth, substantial efforts have already been expended by the board in proceedings brought by other parties involving the same VLA agreements and many, if not most, of the same factual circumstances. All of ALR's three certified claims involve the same license agreement that was at issue in the board's decisions in: (1) GAP Instrument Corp., ASBCA No. 51658, 01-1 BCA ¶ 31,358

(Mar. 22, 2001), and GAP Instrument Corp., ASBCA No. 55041, 2006 WL 2349235 (July 28, 2006); (2) CACI Int'l, Inc., ASBCA No. 53058, 03-2 BCA ¶ 32406 (Oct. 10, 2003), and CACI Int'l, Inc., ASBCA Nos. 53058, 54110, 05-1 BCA ¶ 32,948, aff'd, 177 Fed. Appx. 83 (Fed. Cir. April 7, 2006) (table); and (3) Simplix, ASBCA No. 52570, 06-1 BCA ¶ 33240 (Mar. 14, 2006), reconsideration denied, 06-2 BCA ¶ 33318 (June 13, 2006), appeal pending, Fed. Cir. No. 06-1577. In GAP, the board issued a decision on entitlement and a decision partially granting the Government's motion for summary judgment re quantum. In CACI and Simplix, the board decided both entitlement and quantum, and denied those appeals. In CACI and Simplix, the board found among other things that the petitioner had failed to prove its alleged lost profits.

Fifth, since the board cases and the Court case involve the same or overlapping issues, there could be duplication of efforts by the tribunals and the parties if the Court case is not transferred. "To have the litigation proceed in two separate forums would be a waste of judicial resources." Dravo-Groves v. United States, 231 Ct. Cl. 830, 831 (1982). See Blount, Inc. v. United States, 15 Cl. Ct. 146, 149 (1988)(transferring case to board); Triax Co. v. United States, 11 Cl. Ct. 130, 136 (1986) (transferring case); Multi-roof Systems Co., Inc. v. United States, 5 Cl. Ct. 245, 248 (1984) (transferring case); Guy Roberts Lumber Co. v. United States, 5 Cl. Ct. 42, 46 (1984)

(transferring case to board, and denying plaintiff's motion to transfer board case to court); Space Age Engineering, Inc. v. United States, 2 Cl. Ct. 164 (1983) (transferring case).

Sixth, since the board cases and the Court case involve the same or overlapping issues there also could be inconsistent results. Guy Roberts Lumber Co., 5 Cl. Ct. at 46; Space Age Engineering, Inc., 2 Cl. Ct. 164. Accordingly, consideration of all six factors favors transfer of this case to the ASBCA.

In a recent development, ALR moved to dismiss its claims in the board cases without prejudice and informed the board that it is proceeding on its third certified claim alleging breach of the same VLA in the Court of Federal Claims. On August 18, 2006, the Government opposed ALR's motion, contending among other things that ALR made a binding election to proceed at the ASBCA with its claims. It is plain that ALR, affected by the series of adverse decisions issued by the ASBCA, was attempting to forum shop by filing another lawsuit alleging breach of the VLA in the Court of Federal Claims. However, as demonstrated above, ALR clearly chose the ASBCA as its principal forum, and also made a binding election to proceed in that forum. As this Court held in transferring another matter to the ASBCA: "At this late stage in the entire cycle of litigation on this contract, a switch to the Claims Court has overtones of forum shopping." Giuliani Contracting Co., 21 Cl. Ct. at 83. This Court should not

countenance such a manipulation of the established process for resolving controversies.

Accordingly, defendant respectfully requests that the Court grant this motion and dismiss ALR's court complaint without prejudice for lack of subject matter jurisdiction, or, in the alternative, transfer this case to the ASBCA. As noted, ALR does not oppose transfer to the ASBCA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
Joann W. Melesky
Deputy Legal Counsel
Defense Information Systems Agency

September 25, 2006