IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED LOGIC RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-531C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS
TO DEFENDANT'S MOTION TO DISMISS

Defendant moved pursuant to 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), that the Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, that the Court transfer the case to the Armed Services Board of Contract Appeals ("ASBCA" or the board) pursuant to 41 U.S.C. § 609(d).

Plaintiff Advanced Logic Resources, Inc. ("ALR") does not object to transfer of the case. ALR objects only to dismissal of its complaint, and its objections warrant a short reply.

ALR accuses the Government of "deceit" in its statement that "after a period of silence of almost seven years, ALR sent a certified 'quantum claim' dated February 3, 2006 to the Government." Reply pp. 1, 6. There was no deceit or any misstatement in the Government's statement in its motion. ALR admits that its February 3, 2006 claim was submitted to the contracting officer in accordance with the September 30, 2005 order issued by the ASBCA. However, the fact that ALR submitted a claim to the contracting officer pursuant to ASBCA's direction

does not detract from the fact, which defendant stated, that ALR did nothing in the board litigation between the time that it submitted its claim on December 13, 1999, and the date that it submitted its revised certified claim, i.e. February 3, 2006, a period of almost seven years. ALR has not presented any evidence or information which refutes the fact that ALR took no action on its ASBCA claim for almost seven years.

Moreover, the fact that the February 3, 2006 claim was submitted to the contracting officer in accordance with the ASBCA's order further demonstrates that ALR elected to proceed with this matter at the ASBCA. ALR having made a binding election, this Court possesses no jurisdiction, and ALR's complaint should be dismissed. Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994); National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988); Zoeller v. United States, 65 Fed. Cl. 449, 456 (2005) (dismissing claims that plaintiff previously elected to litigate at the board); American Telecom Corp. v. United States, 59 Fed. Cl. 467, 471, 473 (2004)(dismissing claim for damages in connection with a default termination that contractor had appealed to the board); Mobility Systems and Equipment Co. v. United States, 51 Fed. Cl. 233, 235 (2001) (dismissing complaint where contractor made a binding election).

ALR's objections contain additional misstatements. For example, the ASBCA's order dated September 30, 2005, directed ALR to file a claim, but did not direct that ALR file a new "Quantum Claim," as alleged by ALR. Reply p.2. The revised claim should have been in concert with the board's decision in CACI Int'l, Inc., ASBCA Nos. 53058, 54110, 05-1 BCA ¶ 32,948, aff'd, 177 Fed. Appx. 83 (Fed. Cir. April 7, 2006) (table). However, ALR filed a new quantum claim.

Further, the Government has not disregarded the September 30, 2005 ASBCA order, as alleged by ALR. Reply p.2. Rather, ALR has been modifying its claim. On February 3, 2006, ALR submitted a certified claim in the amount of $138,000,000 to the contracting officer. On July 20, 2006, ALR filed its complaint with the Court of Federal Claims, and amended it on August 3, 2006. On September 21, 2006, ALR reduced its claim to $132,543,000 by filing a second amended complaint with the Court. ALR, having substantially modified its claim, must certify its claim again. Once its claim is properly certified, the Government will proceed and audit that claim.

Additionally, ALR did not file its present action with this Court because the board lacks the authority to impose monetary sanctions for disregard of its orders. As noted above, the agency is not in violation of any board order. Nor did ALR think it advantageous to place the Department of Justice between ALR

and the Defense Information Systems Agency ("DISA"), as it alleges. Reply p.5. In fact, this belated allegation was never raised in any of ALR's three complaints filed with this Court. Accordingly, this assertion is clearly without merit.

ALR also asserts that the Government has waived its right to appeal from the board's entitlement decision in GAP Instrument Corp., ASBCA No. 51658, 01-1 BCA ¶ 31,358 (2001). Reply pp. 3-4. Contrary to ALR's assertion, the Government has not waived any right of appeal in GAP. The ASBCA has not yet issued a final decision on quantum in GAP. Until the ASBCA issues a final decision that addresses damages and the time for appeal from that final decision has run, the Government possesses a right to appeal from the board's decision. J.C. Equipment Corp. v. England, 360 F.3d 1311, 1314 (Fed. Cir. 2004)(allowing contractor to challenged entitlement on its appeal of a board decision on quantum); Brownlee v. Dyncorp, 349 F.3d 1343, 1347 (Fed. Cir. 2003) (allowing the Government to challenge entitlement on its appeal of a board decision on quantum). The Government was not required to appeal from the entitlement decision in GAP, issued in 2001, in order to preserve its right to challenge that entitlement ruling on appeal from a final board decision addressing damages. As the Federal Circuit stated, no appeal is required before the question of quantum is resolved. J.C. Equipment Corp., 360 F.3d at 1314; Dyncorp, 349 F.3d at 1347. An

appellant may challenge entitlement on its appeal of a board decision on quantum. Id.

Accordingly, defendant respectfully requests that the Court grant its motion and dismiss the plaintiff's complaint for lack of jurisdiction. In the alternative, the Court should transfer this matter to the ASBCA pursuant to 41 U.S.C. § 609(d).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

September 28, 2006