IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED LOGIC RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-531C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "REJOINDER" AND DEFENDANT'S RESPONSE TO PLAINTIFF'S <u>REJOINDER TO REPLY TO OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS</u>

Defendant, the United States, respectfully submits this response to "Plaintiff's Motion For Leave To File Rejoinder To Reply To Objections To Motion To Dismiss" and to "Plaintiffs' Rejoinder To Defendant's Reply To Plaintiff's Objections To Defendant's Motion To Dismiss."

We moved pursuant to 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), that the Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, transfer the case to the Armed Services Board of Contract Appeals ("ASBCA" or the board) pursuant to 41 U.S.C. § 609(d). On September 26, 2006, plaintiff Advanced Logic Resources, Inc. ("ALR") responded to defendant's motion, objecting only to dismissal of its complaint. On September 28, 2006, we filed our reply. The next day, ALR filed a motion for leave to file "Plaintiff's Rejoinder To Defendant's Reply To Plaintiff's Objections To Defendant's Motion To Dismiss." We do

not oppose plaintiff's motion for leave to file and simultaneously provide our response to ALR's "Rejoinder."

In its "Rejoinder," ALR makes a second attempt at opposing the Government's motion for dismissal. ALR asserts its claims pending before the ASBCA are not the same as the claim that it submitted to the contracting officer for the Defense Information Systems Agency ("DISA") on February 3, 2006, and thereafter filed with this Court. ALR then asserts that the election doctrine does not apply because its claims at the ASBCA are different from its Court claim.

However, in Placeway Constr. Corp. v. United States, 920 F.2d 903 (Fed. Cir. 1990), the Federal Circuit addressed how to distinguish whether two or more separate claims or only a single claim exists. The Court held:

> to determine whether two or more separate claims, or only a fragmented single claim, exists, the court must assess whether or not the claims are based on a common or related set of operative facts. If the court will have to review the same or related evidence to make its decision, then only one claim exists.

Id. at 907; accord Environmental Safety Consultants, Inc., ASBCA No. 54995, 06-1 BCA ¶ 33230 (2006); Brown & Weiner, GSBCA No. 16582, 05-2 BCA ¶ 33012 (2005); The Swanson Group, Inc., ASBCA No. 53496, 02-1 BCA ¶ 31800 at 157080 (2002). "The form, manner of submission, or organization of the submissions to the contracting officer are not dispositive." Government Business

Services Group, ASBCA No. 53920, 03-1 BCA ¶ 32202 (2003). As the Federal Circuit stated in Placeway:

> It is not established that only one claim exists merely because Placeway's letter to the CO listed all of the adjustments with a totaled sum requested at the bottom of the page. The court should have determined whether one or more claims existed, regardless of the form in which they were presented to the CO; the court should have decided this question based on whether all claims presented to the CO arose from a common or related set of operative facts.

Id. at 908. Further, new elements of damages have been held not to constitute additional claims. Environmental Safety Consultants, Inc., ASBCA No. 53485, 04-1 BCA ¶ 32626 (2004); Transco Contracting Co., ASBCA No. 28620, 85-2 BCA ¶ 17977 at 90171 (1985).

Thus, ALR must demonstrate that its Court claim and its claims filed at the board are not based on a common or related set of operative facts, and that a decisionmaker would not have to review the same or related evidence in order to make its decision upon the claims filed at the board and the claim filed in this Court.

ALR plainly cannot demonstrate that its board claims and its Court claim are based upon different operative facts. In ASBCA No. 52467, ALR claimed that the Government breached the VLA by (1) continuing "to electronically conduct business directly with its contractors through the use of non-licenses VAN providers,

direct connections, bulletin boards, facsimile machines, modems, impact cares, credit cards, and similar technologies, rather than through licensed VAN providers," (2) not requiring its contractors who electronically conduct business with DoD to use only licensed and certified VAN providers, and allowing their use of non-licensed VAN providers, direct connections, bulletin boards, facsimile machines, modems, impact cards, credit cards, and similar technologies, and (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider. App. 77-85 (Compl. ¶ 20).

ALR's court complaint alleges the same breaches. Specifically, ALR asserts that the Government breached the VLA by: (1) allowing DoD contractors to conduct business electronically other than through a licensed VAN (Count I), (2) not requiring contractors who electronically conduct business with DoD to do so through a licensed VAN (Count II), (3) not requiring contractors electronically conducting business with DoD to register through a participating VAN provider before electronically conducting business (Count III). Second Am. Compl. ¶¶ 45, 47, 49.

Therefore, ALR must address the same operative facts to establish its Court claim as well as its claims filed at the board, and also present the same body of evidence in both fora. Further, the fact that ALR called its February 3, 2006 claim a

pure "quantum claim" further demonstrates that it raises the same operative facts as the claims pending at the board. Where a so-called quantum claim requires an examination of the same operative facts supported (or not) by the same or related evidence that addresses the entitlement claim, there is only a single claim, not two separate claims. Pete Vicari General Contractor, Inc., ASBCA No. 54419, 04-2 BCA ¶ 32665 (2004).

Recent events further demonstrate that the February 3, 2006 claim filed in this Court and the pending board claims are the same claim because they involve the same operative facts. On October 4, 2006, the ASBCA directed ALR to state whether it wished to withdraw its motions to dismiss in ASBCA Nos. 52467 and 52790. App. 108. On October 4, 2006, ALR withdrew its motions to dismiss those cases. App. 109. ALR thus acknowledged that it had made an election to proceed at the ASBCA.

ALR having made a binding election to litigate at the board, this Court possesses no jurisdiction, and ALR's complaint should be dismissed. Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994); National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988); Zoeller v. United States, 65 Fed. Cl. 449, 456 (2005) (dismissing claims that plaintiff previously elected to litigate at the board); American Telecom Corp. v. United States, 59 Fed. Cl. 467, 471, 473 (2004) (dismissing claim for damages in connection with a default

termination that contractor had appealed to the board); Mobility Systems and Equipment Co. v. United States, 51 Fed. Cl. 233, 235 (2001) (dismissing complaint where contractor made a binding election).

Accordingly, defendant respectfully requests that the Court dismiss the plaintiff's complaint for lack of jurisdiction. In the alternative, the Court should transfer this matter to the ASBCA pursuant to 41 U.S.C. § 609(d).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

October 6, 2006

# APPENDIX

Classification: **UNCLASSIFIED**

Caveats: NONE

JoAnn W. Melesky
Deputy Legal Counsel
DISA/DITCO (DOIDT)
2300 East Drive
Scott AFB, IL 62225
(618) 229-9382 (DSN) 779-9382
joann.melesky@disa.mil

PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE AND/OR THE ATTORNEY WORK PRODUCT DOCTRINE CANNOT BE DISCLOSED WITHOUT THE PRIOR CONSENT OF THE ABOVE ATTORNEY REPRESENTING THE AGENCY.

---

**From:** Freeman, Monroe E., Jr. ASBCA [mailto:Monroe.Freeman@ASBCA.MIL]
**Sent:** Wednesday, October 04, 2006 10:04 AM
**To:** 'lawyer@procurement-lawyer.com'; Melesky, JoAnn W CIV DISA GC
**Subject:** ASBCA Nos. 52467 & 52790; Appeals of Advanced Logic Resources, Inc. (UNCLASSIFIED)

Classification: **UNCLASSIFIED**
Caveats: NONE

Counsel:

By email date/time 25 September 2006 10:33 AM, appellant informed the Board and government counsel that it was not objecting to transfer of its action in the United States Court of Federal Claims (Docket No. 06-531C) to the Board.

The Board understands that the quantum claim which is the subject of the action in the COFC is a revision of the quantum claim in the above-referenced appeals.

Appellant's counsel is requested to confirm whether this understanding is correct, and if it is correct, whether the pending motion to dismiss these appeals is being withdrawn.

Judge Freeman

Classification: **UNCLASSIFIED**
Caveats: NONE

Classification: **UNCLASSIFIED**

Caveats: NONE

Classification: **UNCLASSIFIED**

Caveats: NONE

JoAnn W. Melesky
Deputy Legal Counsel
DISA/DITCO (DOIDT)
2300 East Drive
Scott AFB, IL 62225
(618) 229-9382 (DSN) 779-9382
joann.melesky@disa.mil

PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE AND/OR THE ATTORNEY WORK PRODUCT DOCTRINE CANNOT BE DISCLOSED WITHOUT THE PRIOR CONSENT OF THE ABOVE ATTORNEY REPRESENTING THE AGENCY.

---

**From:** Cyrus E. Phillips, IV [mailto:lawyer@procurement-lawyer.com]
**Sent:** Wednesday, October 04, 2006 11:01 AM
**To:** Freeman, Monroe E., Jr. ASBCA; Melesky, JoAnn W CIV DISA GC; Kreis, Stephanie A CIV DISA GC; Forster, Dorothy M CIV DISA GC
**Subject:** RE: ASBCA Nos. 52467 & 52790; Appeals of Advanced Logic Resources, Inc. (UNCLASSIFIED)

ASBCA No. 52467 seeks recovery of damages as a result of breaches under Value-Added Network License Agreement No. DCA200-94-H-0015, these damages based on the value of services provided by Appellant. COFC No. 06-531C is a Quantum Claim seeking recovery of damages as a result of breaches under Value-Added Network License Agreement No. DCA200-94-H-0015, these damages based on lost profits. Appellant does not seek recovery of breach damages both for the value of services, and for lost profits.

ASBCA No. 52790 seeks recovery of damages based on claimed misappropriation of software and documentation. Appellant does not seek damages based on claimed misappropriation of software and documentation, and for lost profits arising as a result of breaches under Value-Added Network License Agreement No. DCA200-94-H-0015. Appellant seeks only lost profits as set out in its Second Amended Complaint in COFC No. 06-531C.

The lost profits as set out in the Second Amended Complaint in COFC No. 06-531C are a revision of the lost profits claimed by Appellant in its Quantum Claim of February 24th, 2006 presented to the DITCO Contracting Officer and a revision of the damages claimed by Appellant under ASBCA No. 52467. Appellant does not wish to pursue ASBCA No. 52790 in addition to the lost profits set out in the Second Amended Complaint in COFC No. 06-531C.

Appellant's Motion to Dismiss ASBCA Nos. 52467 and 52790 is withdrawn.

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500

---

**From:** Freeman, Monroe E., Jr. ASBCA [mailto:Monroe.Freeman@ASBCA.MIL]