# In the United States Court of Federal Claims

* * * * * * * *

ADVANCED LOGIC RESOURCES, INC. *

Plaintiff, * No. 06-0531C

v. * Filed: October 11, 2006

THE UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * * *

**ORDER**

This case involves a dispute between Advanced Logic Resources and the Defense Information Systems Agency concerning a Value Added Network License Agreement. A Value Added Network facilitates the electronic exchange of business documents and other information, and Advanced Logic was one of thirty-one Networks authorized under the License Agreement to provide such services for the Department of Defense and its vendors. The Defense Information Systems Agency terminated the License Agreement in September 1997 when it revised and executed new agreements.

Advanced Logic filed claims with the contracting officer seeking compensation for alleged breaches of the License Agreement. It asserted that the Agency had misappropriated its software and documentation, and had not compensated it fully for the value of services Advanced Logic provided to the Government under the Agreement. The contracting officer denied both claims, and Advanced Logic appealed to the Armed Services Board of Contract Appeals.

The Board held a status conference with Advanced Logic and other contractors with similar claims in September 2005. It advised the participants by letter two days later to "complete preparation of . . . revised claims and expert reports no later than 15 March 2006 . . . ." Advanced Logic filed its revised claim for lost profits in February 2006 with the contracting officer. This "quantum claim" covered the same time period addressed by Advanced Logic's earlier appeals still pending at the Board. The contracting officer denied the "quantum claim" in May 2006, and Advanced Logic appealed that denial to this court in July. Plaintiff has amended its Complaint twice since. The Government moved to dismiss,

or to transfer plaintiff's case to the Board.

**DISCUSSION**

This court may order that multiple suits in the Court of Federal Claims and one or more agency boards be consolidated or transferred to the appropriate forum. See 41 U.S.C. § 609(d). Legislative history of the Contract Disputes Act advises this court to be "sensitive to the reasons why the suits have been split" and notes that we "should not consolidate only for the sake of consolidation." (citation omitted). This language is addressed to the plaintiff here, who does not object to our transferring the case. The court is to balance such considerations against the "interest of justice" and "the convenience of the parties," 41 U.S.C. § 609(d), all of which are consistent in these circumstances.

This action and those currently pending at the ASBCA arise from alleged breaches of the same License Agreement. Many of plaintiff's claims before the Board are virtually identical to those before this court. Parts of plaintiff's Complaint and its appeal to the Board allege the same agency wrongdoing. Plaintiff seeks lost profits here, rather than compensation for the value of its services, but a change in terminology does not create distinct claims capable of being litigated in separate forums.

As noted, plaintiff does not oppose transfer of this matter to the ASBCA. It recognizes "that it is the Armed Services Board of Contract Appals, and not this court, where three of the five pending cases arising from the [License Agreement] are still pending." Moreover, the Board has issued decisions in other appeals regarding alleged breaches of the same Agreement. See, e.g., CACI Int'l, Inc., ASBCA Nos. 53058, 54110, 05-1 BCA ¶ 32,948, aff'd, 177 Fed. Appx. 83 (Fed. Cir. Apr. 7, 2006) (table).

Litigating Advanced Logic's case here would duplicate the parties' efforts and waste judicial resources. Defendant's request for transfer serves the interest of justice and the parties' convenience. The Government's motion to dismiss for lack of jurisdiction is DENIED. Its motion to transfer is GRANTED. The Clerk of Court will transfer this case to the Armed Services Board of Contract Appeals.

SO ORDERED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge